376    APPELLATE COURTS OF ILLINOIS.

Zink v. National Council K. & L. of Security, 199 Ill. App. 376.

Jacob E. Zink, Appellee, v. National Council Knights and Ladies of Security, Appellant.

Gen. No. 22,031.    (Not to be reported in full.)

Appeal from the Municipal Court of Chicago; the Hon. HARRY M. FISHER, Judge, presiding. Heard in this court at the October term, 1915. Reversed and remanded. Opinion filed May 1, 1916.

### Statement of the Case.

Action by Jacob E. Zink, plaintiff, against National Council Knights and Ladies of Security, defendant, on a beneficial certificate issued by defendant on the life of Martin Zink, a son of the plaintiff. The statement of claim stated that the suit was brought by plaintiff as beneficiary on the beneficial certificate above mentioned; that Martin Zink died February 5, 1913, and was then a member of defendant society in good standing; that plaintiff made proofs of death and defendant refused payment, and that there is due $1,916 and interest. The beneficial certificate sued on was a part of the statement of claim. To reverse a judgment for plaintiff, defendant prosecutes this writ of error.

The defendant in its affidavit of defense stated that the application, beneficial certificate and by-laws of the society constituted the contract; that the insured had made false statements which he had warranted to be true; that one of such statements was that a sister had died of pneumonia, when in fact she had died of consumption; that none of his blood relatives had been afflicted with consumption, when in fact the sister above referred to had died of consumption; that engaging in the manufacture or sale of liquors was a prohibited occupation, and that the insured was engaged at such occupation at the time of his death. The court in the instructions to the jury stated that:

CHICAGO—FIRST DISTRICT—MAY, 1916.    377

Zink v. National Council K. & L. of Security, 199 Ill. App. 376.

"Ordinarily, in a case such as this, the plaintiff has what we call the burden of proving his case by a preponderance of the evidence, but it is different in the case before us. The defendant admitted what we term the *prima facie* case of the plaintiff; he admitted that unless the defenses that the defendant relied upon are established by that degree of evidence which the law requires, that then the plaintiff should recover the amount sued for. That, therefore, changes the rule of law and throws the burden upon the defendant to establish its case, its defense, by a preponderance or greater weight of the evidence."

The jury were also instructed that:

"Under the by-laws which form a part of the contract in this case, it became the duty of the defendant, whenever it came to its knowledge or the knowledge of its executive committee that a beneficiary certificate had been obtained by false representations, to at once inquire into the facts, and if they believed such charges to be true, to notify the accused member and subordinate council to which he belonged, of such charges, and direct the subordinate council should require the member to appear before the council for a hearing upon such charges, fixing the time and place in the notice given by the council to the member; or, the executive committee may, after being satisfied from an investigation that the charges are true, require the accused member to appear before such committee at such time and place as they shall direct in the notice to said member, and if the charges are found to be true, at the hearing, to order such beneficiary certificate at once to be cancelled. This is an affirmative action required to be done on the part of the defendant, and where affirmative action is required to be done, in order to avail itself of a certain violation on the part of a member, it must prove that it has availed itself of that and has taken the affirmative action. And, you are now instructed, as a matter of law, that if you find from all the evidence before you that the defendant, through its agents, at any time prior to the death of the deceased, had obtained the knowledge that the representations as to the death of the sister, or as to the fact

378     Appellate Courts of Illinois.

Zink v. National Council K. & L. of Security, 199 Ill. App. 376.

that there was no tuberculosis in the family, were false, and failed to take any action thereafter, and accepted the payments of assessments and dues, with full knowledge of those facts, that that would constitute a waiver on the part of the defendant of its right to insist upon that clause in its certificate that the plaintiff could not recover by reason of such false statements. But, of course, in order to constitute a waiver, a party would have to have full knowledge of the facts. One cannot be held to have waived anything if he did not know all the facts and circumstances about a condition."

A. W. Fulton, for appellant.

John R. McCabe and Adolph L. Benner, for appellee; E. K. Smith, of counsel.

Mr. Justice Baker delivered the opinion of the court.

## Abstract of the Decision.

1. Insurance, § 908*—*when burden of proving defenses on insurer.* In an action to recover on a fraternal benefit certificate, where defendant admits that unless the defenses which he relies upon are established by the legal degree of evidence, plaintiff should recover, it is proper to instruct that the burden is on him of establishing his defense by a preponderance of the evidence.

2. Trial, § 53*—*when defendant entitled to open and close.* Where the defendant's admissions place upon him the burden of proof, he is entitled to open and close.

3. Insurance, § 797*—*when right of forfeiture for false statements in application and on medical examination waived.* The provisions of the by-laws of a fraternal benefit society for a forfeiture of the certificate for false statements in the application and on the medical examination may be waived by the act of the local council in collecting assessments from the insured, though officers of the council knew the facts and that the statements of the insured were untrue.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

4. INSURANCE, § 897*—*when question of waiver of by-laws for jury.* In an action on a fraternal benefit certificate, the question whether the conduct of officers of the local council of the insurer was not such as to induce a belief on the part of the insured that the council did not intend to exercise its right of forfeiture for false statements by insured in the application and medical examination, but intended to recognize insured as a member in good standing, *held* for the jury.

5. INSURANCE, § 908*—*when instruction misleading.* In an action on a fraternal benefit certificate, an instruction examined and *held* not supported by the evidence in making it the duty of the officers of defendant's local council to notify insured or hear charges in case knowledge that he has made false statements should come to them.